## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| TVC Opus I Drilling Program L.P., | : | Case No. 12-12294 (MFW) |
| | : | |
| Debtor. | : | |
| | : | **Hearing Date:**   **May 21, 2014 at 2:00 p.m.** |
| | : | |
| _____ | : | **Objection Date:**   **May 14, 2014 at 4:00 p.m.** |

### CHAPTER 7 TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS FILED IN THE WRONG CASE AND/OR NOT LISTED IN THE DEBTOR'S RECORDS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1

**Claimants receiving this objection (the "Trustee's First Omnibus Objection") should locate their names and claims in this Trustee's First Omnibus Objection.**

Jeoffrey L. Burtch, in his capacity as the chapter 7 Trustee (the "Chapter 7 Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Opus Debtor") hereby objects to each of the claims listed on Exhibit "A," attached hereto and incorporated herein by reference, pursuant to section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Trustee's First Omnibus Objection, the Chapter 7 Trustee submits his declaration (the "Burtch Declaration"), attached hereto as Exhibit "B" and incorporated herein by reference, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") has jurisdiction over this Trustee's First Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

3.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 501, 502, and Bankruptcy Rules 1001 and 3007, and Local Rules 1001-1(c) and 3007-1.

## BACKGROUND

5.      On August 7, 2012 (the "Petition Date"), the Opus Debtor, Tri-Valley Corporation ("Tri-Valley"), Tri-Valley Oil & Gas Co. ("TVOG"), and Select Resources Corporation, Inc. ("Select" and, together with the Opus Debtor, Tri-Valley, and TVOG, the "Debtors") each filed voluntary petitions for relief under chapter 11 of Title 11 of U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in this Bankruptcy Court (collectively, the "Chapter 11 Cases"). By order of this Bankruptcy Court, the Chapter 11 Cases were jointly administered under Case No. 12-12291 (MFW) [TVC Docket No. 32].[1]

6.      Following the sale of the Debtors' respective assets, the Official Committee of Equity Security Holders of the Opus Debtor filed an emergency motion seeking entry of an order immediately converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code [TVC Docket No. 637].

---

[1] "TVC Docket" references are to the Tri-Valley Case No. 12-12291 (MFW) docket, the lead case for the jointly administered Chapter 11 Cases.

18581564\5 09177.0001.000/334524.000
04/03/2014

7.　　　On March 25, 2013, this Bankruptcy Court entered an order converting each of the Debtors' Chapter 11 Cases to cases under chapter 7 [TVC Docket No. 692].

8.　　　Due to certain conflicts of interest between and among the Debtors, separate trustees were appointed for the Debtors' respective chapter 7 estates.  The Chapter 7 Trustee was appointed as the trustee for the Estate of the Opus Debtor on March 26, 2013 [Opus Docket No. 6].[2]  With the exception of the Estate of the Opus Debtor, Charles A. Stanziale, Jr. was appointed as the trustee for the other Debtors' estates.

9.　　　On or about April 25, 2013, the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines to all known creditors setting August 20, 2013 as the deadline to file a proof of claim (except government units) [Opus Docket No. 7]. Subsequently, on or about April 29, 2013, the Bankruptcy Court issued an AMENDED Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines to all known creditors (the "Bar Date Notice") [Opus Docket No. 9].  The Bar Date Notice established a deadline of August 27, 2013 for the filing of proofs of claim for all claims (except government units) that arose prior to the Petition Date.

10.　　　The Chapter 7 Trustee, with the assistance of his professionals, is in the process of reviewing the proofs of claim filed against the Opus Debtor's estate (collectively, and including any supporting documentation thereto, the "Proofs of Claim" asserting the "Claims"). Based upon his review to date, the Chapter 7 Trustee has determined that certain Proofs of Claim are objectionable for the reasons set forth below and that certain Proofs of Claim should be disallowed and/or expunged for the reasons stated below.

---

[2] "Opus Docket" references are to the Opus Debtor's Case No. 12-12294 (MFW) docket.

18581564\5 09177.0001.000/334524.000
04/03/2014

**RELIEF REQUESTED**

11.    By and through the Trustee's First Omnibus Objection, the Chapter 7 Trustee objects to each of the Proofs of Claim listed on Exhibit "A" attached hereto (collectively, the "Disputed Claims") on a non-substantive basis for the reasons described below, and seeks entry of the proposed order attached hereto as Exhibit "C" pursuant to section 502 of the Bankruptcy Code, and Rules 3007 and 9014 of the Federal Rules and Local Rule 3007-1, disallowing and/or expunging the Disputed Claims.

### CLAIMS FILED IN THE WRONG CASE AND/OR ASSERTED AGAINST THE WRONG DEBTOR AND/OR NOT LISTED IN OPUS DEBTOR'S RECORDS

12.    The Chapter 7 Trustee objects to the Disputed Claims identified on Exhibit "A" because each of the claims listed on Exhibit "A" were either filed on the wrong claims register and/or asserted against the wrong debtor.  The Disputed Claims, including the documentation attached to the Disputed Claims, asserts a claim against a debtor other than the Opus Debtor. The Disputed Claims should not have been filed against the Opus Debtor and/or on the claims register for the Opus Debtor.  Further, the Disputed Claims are not listed in the Opus Debtor's records.

13.    Because each of the Disputed Claims was either filed on the wrong claims register and/or asserted against the wrong debtor and/or is not listed in the Opus Debtor's records, each should be disallowed as set forth on Exhibit "A" without prejudice to the Chapter 7 Trustee's right and ability to raise any further objection.

## SEPARATE CONTESTED MATTERS

14.     Each of the Disputed Claims and the Chapter 7 Trustee's objections thereto

constitute a separate contested matter pursuant to Bankruptcy Rule 9014 and Local Rule 3007-1.

The Chapter 7 Trustee requests that any order entered by the Bankruptcy Court with respect to an

objection asserted herein be deemed a separate order with respect to each of the Disputed

Claims.

## RESPONSES TO THE OBJECTION

### A.     Filing and Service of Responses.

15.     Pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

orders of this Bankruptcy Court, in the event a claimant does not agree to the disallowance of the

Disputed Claims, a claimant must file a written response to the Trustee's First Omnibus

Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware,

824 Market Street, Wilmington, DE 19801 on or before **May 14, 2014 at 4:00 p.m.  (Prevailing**

**Eastern Time) (the "Response Deadline").**

16.     At  the same time a claimant files a written Response, if any, with the

Bankruptcy Court, the claimant must also serve a copy of the written Response upon the Chapter

7 Trustee's counsel:

> Mark E. Felger, Esquire
> Keith L. Kleinman, Esquire
> Cozen O'Connor
> 1201 North Market Street
> Suite 1001
> Wilmington, DE 19801

17.     Responses filed with the Bankruptcy Court and served on the Chapter 7

Trustee's counsel should **not** disclose social security numbers or other personal information.

18581564\5 09177.0001.000/334524.000
04/03/2014

18.     If a Response to the Trustee's First Omnibus Objection is not received by the

Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court

may enter an order granting the relief sought without a hearing.

**B.     Contents of Response.**

19.     Every Response **must contain**, at a minimum, **the following information**:

> (a)     a caption setting forth the name of the Bankruptcy Court, the name of the debtor, the case number, and the title of the objection to which the Response is directed;
>
> (b)     the name of the claimant and a description of the basis for the amount and asserted priority of the claim; and a concise statement specifically setting forth the reasons why the claim should not be disallowed, and/or expunged by the Bankruptcy Court in the manner set forth in the objection including, but not limited to, the specific factual and legal basis in support of the Response;
>
> (c)     all documentation or other evidence of the claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the objection;
>
> (d)     the address(es), if different from that or those presented in the Proof of Claim, to which the Chapter 7 Trustee must return any reply to the Response; and
>
> (e)     the name, address, and telephone number of the person (who may be a legal representative) possessing ultimate authority to recognize, settle, or otherwise resolve the claim.

20.     If a Response contains an address different from that stated on the Disputed

Claims actually filed, the address in the Response shall control and shall be the service address

for other future service of papers.

6

**C.    Timely Response Required; Hearing; Replies.**

21.     If a Response is properly and timely filed and served in accordance with the above-procedures, the Chapter 7 Trustee will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Bankruptcy Court will conduct a hearing with respect to the Trustee's First Omnibus Objection and the Response on **May 21, 2014 at 2:00 p.m. (Prevailing Eastern Time)** or other such date and time as the parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing.  The Chapter 7 Trustee reserves the right to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

22.     If a claimant whose proof of claim is subject to the Trustee's First Omnibus Objection fails to file and serve a timely Response on or before the Response Deadline, the Chapter 7 Trustee will present to the Bankruptcy Court an appropriate order **without further notice to the claimant**.

## NOTICE

23.     The Chapter 7 Trustee will provide notice of this Trustee's First Omnibus Objection by mailing a copy of the Trustee's First Omnibus Objection to the individual claimants listed on Exhibit "A", by first-class, U.S. mail, postage prepaid to the addresses listed on each of the Disputed Claims.  A copy of this Trustee's First Omnibus Objection is also being served upon the United States Trustee.   In addition, the Chapter 7 Trustee will, in conformity with Del. Bankr. L.R. 3007-2, provide parties requesting notice under Bankruptcy Rule 2002(i) with Notice of Objection in the form of Del. Bankr. L.R. 3007-1(e)(v) and a copy of the exhibits required by Del. Bankr. L.R. 3007-1(e)(iii).

18581564\5 09177.0001.000/334524.000
04/03/2014

## RESERVATION OF RIGHTS

24.     In this Trustee's First Omnibus Objection, the Chapter 7 Trustee has asserted certain objections to the Disputed Claims.  Pursuant to Local Rule 3007-1, the objections contained herein are non-substantive.  By this reservation, the Chapter 7 Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections, including without limitation, pursuant to section 502(d) of the Bankruptcy Code, to the Disputed Claims or any other claims (whether filed or not filed) which may be asserted against the Opus Debtor's Estate.  Should this Trustee's First Omnibus Objection be dismissed or overruled, the Chapter 7 Trustee reserves his right to object on any other grounds that the Chapter 7 Trustee discovers during the pendency of these cases.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

25.     The undersigned representative of Cozen O'Connor ("Cozen") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Trustee's First Omnibus Objection substantially complies with that Local Rule.  To the extent that the Trustee's First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Cozen believes that such deviations are not material and respectfully requests that any such requirement be waived.

18581564\5 09177.0001.000/334524.000
04/03/2014

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Bankruptcy Court (i) sustain this Trustee's First Omnibus Objection, (ii) enter an Order, substantially in the form which is attached hereto as Exhibit "C", disallowing the Disputed Claims, and (iii) grant such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: Wilmington, Delaware
       April 3, 2014

                                    COZEN O'CONNOR

                              By:   _____
                                    Mark E. Felger (DE No. 3919)
                                    Keith L. Kleinman (DE No. 5693)
                                    1201 N. Market Street
                                    Suite 1001
                                    Wilmington, DE  19801
                                    302-295-2000 Telephone
                                    302-295-2013 Fax
                                    mfelger@cozen.com
                                    kkleinman@cozen.com

                                    *Special Counsel to Chapter 7 Trustee,*
                                    *Jeoffrey L. Burtch*