UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| TVC Opus I Drilling Program L.P., | : Case No. 12-12294 (MFW) |
| | : |
| Debtor. | : |
| | : Related Doc. Nos.    41, 45, 46, 47, and 48. |

**ORDER SUSTAINING TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS FILED IN THE WRONG CASE AND/OR NOT LISTED IN THE DEBTOR'S RECORDS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1**

Upon the Trustee's First Omnibus Objection (Non-Substantive) to Certain Claims Filed in the Wrong Case and/or Not Listed in the Debtor's Records Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 (the "Trustee's First Omnibus Objection"),[1] filed by Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Chapter 7 Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Opus Debtor"); and the Declaration of Jeoffrey L. Burtch, attached as Exhibit "B" to the Trustee's First Omnibus Objection (the "Burtch Declaration"); and it appearing that good and sufficient notice of the Trustee's First Omnibus Objection has been given and that no further notice of the Trustee's First Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the Trustee's First Omnibus Objection, the Burtch Declaration and the Disputed Claims; and the Bankruptcy Court having adjourned the hearing on the Trustee's First Omnibus Objection as it relates to the Petrawest Ltd. and Gerald T. Raydon proofs of claim; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Trustee's First Omnibus Objection.

IT IS HEREBY FOUND THAT

A. Capitalized terms not otherwise defined in this Order shall have meanings ascribed to such terms in the Trustee's First Omnibus Objection;

B. Each holder of one of the Disputed Claims listed on Exhibit "A" of the Trustee's First Omnibus Objection (the "Claimants") was properly and timely served with a copy of the Trustee's First Omnibus Objection and the accompanying Exhibit "A";

C. The Trustee's First Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

D. Any entity known to have an interest in the Disputed Claims has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Trustee's First Omnibus Objection;

E. The proof of claim number 351[2] filed by Luna & Glushon ("L&G") against the Opus Debtor in the amount of $7,064,699.47 (the "L&G Claim"), and listed on Exhibit "A" of the Trustee's First Omnibus Objection, was filed in the wrong Debtors' bankruptcy case and the L&G Claim asserts the basis for a claim against a debtor other than the Opus Debtor;

F. The relief requested in the Trustee's First Omnibus Objection is in the best interest of the Opus Debtor's Estate, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1. The Trustee's First Omnibus Objection is **GRANTED** with respect to the L&G Claim.

---

[2] Claim number on the Chapter 11 claims register that was maintained by Epiq Bankruptcy Solutions LLC.

2. Pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, the L&G Claim is hereby disallowed and expunged because the L&G Claim was filed in the wrong Debtors' bankruptcy case.

3. This Order is without prejudice to the Chapter 7 Trustee's right to amend, modify, or supplement the Trustee's First Omnibus Objection, or to file additional non-substantive or substantive objections to the Disputed Claims, including without limitation, objections as to the amount, priority, validity, timeliness, and/or proper filing of the Disputed Claims, or any other claims (whether filed or not filed) against the Opus Debtor.

4. This Order does not affect any claims, rights or remedies the Chapter 7 Trustee has or may have against the Claimants in respect of any amounts owed to the Opus Debtor's Estate by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation, the right to seek disallowance of any of the Proofs of Claim pursuant to section 502(d) of the Bankruptcy Code.

Dated: This 21st day of May, 2014.

BY THE COURT:

_____
Honorable Mary F. Walrath
United States Bankruptcy Court Judge