**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| TVC Opus I Drilling Program L.P., | : Case No. 12-12294 (MFW) |
| | : |
| Debtor. | : |
| | : Related Doc. Nos.  41, 45, 46, 47, 48, 52, and 54. |

**ORDER SUSTAINING TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS FILED IN THE WRONG CASE AND/OR NOT LISTED IN THE DEBTOR'S RECORDS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1 WITH RESPECT TO CERTAIN CLAIMS FILED BY PETRAWEST LTD AND GERALD T. RAYDON**

Upon the Trustee's First Omnibus Objection (Non-Substantive) to Certain Claims Filed in the Wrong Case and/or Not Listed in the Debtor's Records Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 [D.I. No. 41] (the "Trustee's First Omnibus Objection"), filed by Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Chapter 7 Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Opus Debtor"); and the Declaration of Jeoffrey L. Burtch, attached as Exhibit "B" to the Trustee's First Omnibus Objection (the "Burtch Declaration"); and after considering the (i) the Response to Replies and Supplement to the Chapter 7 Trustee's First Omnibus Objection to Certain Claims Filed by Petrawest Ltd and Gerald T. Raydon [D.I. No. 54] (the "Objection Supplement"),[1] (ii) the Petrawest Reply, (iii) the Petrawest Declaration, (iv) the Raydon Reply, and (v) the Raydon Declaration; and it appearing that good and sufficient notice of the Trustee's First Omnibus Objection has been given and that no further notice of the Trustee's First Omnibus Objection or the Objection Supplement or entry of this order need be provided; and

---

[1] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Objection Supplement.

upon the entire record herein; and this Bankruptcy Court having already granted the Trustee's First Omnibus Objection with respect to the Luna & Glushon proof of claim; and the Bankruptcy Court having previously adjourned the hearing on the Trustee's First Omnibus Objection as it related to the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim; and after due deliberation and good and sufficient cause appearing therefore;

IT IS HEREBY FOUND THAT

A. Capitalized terms not otherwise defined in this Order shall have meanings ascribed to such terms in the Objection Supplement;

B. Each of the holders of the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim (the "Claimants") was properly and timely served with a copy of the Trustee's First Omnibus Objection and the accompanying Exhibit "A";

C. The Trustee's First Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

D. Any entity known to have an interest in the Petrawest Ch.7 Claim or the Raydon Ch.7 Claim has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Trustee's First Omnibus Objection;

E. The proof of claim number 4 filed by Petrawest Ltd. ("Petrawest") against the Opus Debtor in the amount of $32,246,500.00 (the "Petrawest Ch.7 Claim") and the proof of claim number 5 filed by Gerald T. Raydon ("Raydon") against the Opus Debtor in the amount of $45,833.26 (the "Raydon Ch.7 Claim"), which are both listed on Exhibit "A" of the Trustee's First Omnibus Objection, were filed in the wrong Debtors' bankruptcy case, assert the basis for a claim against a debtor other than the Opus Debtor, and are barred from being filed against the Opus Debtor by this Bankruptcy Court's Order Granting Debtors' First Omnibus Non-Substantive

Objection to Proofs of Claim (the "<u>Debtors' First Omnibus Objection Order</u>") that is filed on the Tri-Valley Corporation's (Case No. 12-12291 (MFW)) bankruptcy docket at docket entry number 671;

F.    The relief requested in the Trustee's First Omnibus Objection is in the best interest of the Opus Debtor's Estate, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1.    The Trustee's First Omnibus Objection is **GRANTED** with respect to the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim.

2.    Pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim are hereby disallowed and expunged because the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim were filed in the wrong Debtors' bankruptcy case and are barred by the Debtors' First Omnibus Objection Order.

3.    This Order is without prejudice to the Chapter 7 Trustee's right to amend, modify, or supplement the Trustee's First Omnibus Objection, or to file additional non-substantive or substantive objections to the Petrawest Ch.7 Claim and the Raydon Ch.7 Claim, including without limitation, objections as to the amount, priority, validity, timeliness, and/or proper filing of the Petrawest Ch.7 Claim, the Raydon Ch.7 Claim or any other claims (whether filed or not filed) against the Opus Debtor.

4. This Order does not affect any claims, rights or remedies the Chapter 7 Trustee has or may have against the Claimants in respect of any amounts owed to the Opus Debtor's Estate by any Claimant under Chapter 5 of the Bankruptcy Code.

Dated: This ___ day of _____, 20 ___.

BY THE COURT:

_____
Honorable Mary F. Walrath
United States Bankruptcy Court Judge

4