UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| TVC Opus I Drilling Program L.P., | : Case No. 12-12294 (MFW) |
| Debtor. | : |
| | : Related Doc. No. 62 & 89 |

### ORDER SUSTAINING CHAPTER 7 TRUSTEE'S THIRD OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS

Upon the Chapter 7 Trustee's Third Omnibus Objection (Substantive) to Certain Claims pursuant to section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 (the "Trustee's Third Omnibus Objection"),[1] filed by Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Chapter 7 Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Opus Debtor"); and the Declaration of Jeoffrey L. Burtch, attached as Exhibit "B" to the Trustee's Third Omnibus Objection (the "Burtch Declaration"); and it appearing that good and sufficient notice of the Trustee's Third Omnibus Objection has been given and that no further notice of the Trustee's Third Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the Trustee's Third Omnibus Objection, the Burtch Declaration and the Disputed Claims; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Trustee's Third Omnibus Objection.

1941457v3 09177.0001.000/334524.000
08/22/2014

IT IS HEREBY FOUND THAT

A. Capitalized terms not otherwise defined in this Order shall have meanings ascribed to such terms in the Trustee's Third Omnibus Objection;

B. Each holder of one of the Disputed Claims listed on Exhibit "A" of the Trustee's Third Omnibus Objection (the "Claimants") was properly and timely served with a copy of the Trustee's Third Omnibus Objection and the accompanying Exhibit "A";

C. The Trustee's Third Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

D. Any entity known to have an interest in the Disputed Claims has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Trustee's Third Omnibus Objection;

E. Each of the Disputed Claims listed on Exhibit "A" of the Trustee's Third Omnibus Objection is a claim based on rescission and/or damages arising from the purchase or sale of the claimant's equity partnership interest in the Opus Debtor;

F. The relief requested in the Trustee's Third Omnibus Objection is in the best interest of the Opus Debtor's Estate, creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1. The Trustee's Third Omnibus Objection is **GRANTED.**

2. Pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, each of the Disputed Claims identified on Exhibit "A" of the Trustee's Third Omnibus Objection are hereby subordinated under section 510(b) to all unsecured claims and other interests in the Opus Debtor.

1941457v2 09177.0001.000/334524.000
08/22/2014

3. The Bankruptcy Court shall retain jurisdiction over the Opus Debtor and the Claimants whose claims are subject to the Trustee's Third Omnibus Objection with respect to any matters related to or arising from the implementation of this Order.

4. Each of the Disputed Claims and the objection by the Chapter 7 Trustee constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Disputed Claims. Any stay of this Order pending appeal by any of the Claimants whose claims are subject to the contested matter which involves such Claimants shall not act to stay the applicability and/or finality of this Order with respect to other contested matters covered hereby.

5. This Order is without prejudice to the Chapter 7 Trustee's right to amend, modify, or supplement the Trustee's Third Omnibus Objection, or to file additional substantive or non-substantive objections to the Disputed Claims, including without limitation, objections as to the amount, priority, validity, timeliness, and/or proper filing of the Disputed Claims, or any other claims (whether filed or not filed) against the Opus Debtor.

6. This Order does not affect any claims, rights or remedies the Chapter 7 Trustee has or may have against the Claimants in respect of any amounts owed to the Opus Debtor's Estate by any Claimant under Chapter 5 of the Bankruptcy Code, including without limitation, the right to seek disallowance of any of the Proofs of Claim pursuant to section 502(d) of the Bankruptcy Code.

Dated: This 3d day of Sept., 2014.

BY THE COURT:

_____
Honorable Mary F. Walrath
United States Bankruptcy Court Judge

3

194145702.09177.0001.000/334524.000
08/22/2014